USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

MUSTAFA OZSUSAMLAR,

　　　　　　　　　　Defendant.

No. 5-CR-1077 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On February 4, 2021, the Court received a letter dated January 26, 2021 from Defendant Mustafa Ozsusamlar requesting compassionate release and a reduction of sentence pursuant to the First Step Act and in light of COVID-19. Dkt. 143 ("Mot."). Interpreting this letter as a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court appointed Ozsusamlar *pro bono* counsel. On April 9, 2021, Ozsusamlar supplemented his submission with additional medical records. Dkt. 147. Ozsusamlar, who is currently serving a 423-month term of imprisonment at FCI Hazelton in West Virginia, attests that his advanced age and underlying health conditions place him at increased risk for complications from COVID-19. The Government opposes the motion principally on the bases of Ozsusamlar's lengthy criminal history and the violent nature of the crimes for which he is currently incarcerated. Dkt. 146 ("Opp."). Because the Court agrees that sentencing factors counsel against compassionate release in his case, Ozsusamlar's motion is denied.

## BACKGROUND

On April 20, 2006, following a one-week trial, Ozsusamlar was convicted by a jury of one count of conspiracy to commit a murder-for-hire, in violation of 18 U.S.C. § 1958(b); one count of murder-for-hire, in violation of 18 U.S.C. §§ 1958, 2; and one count of conspiracy to commit

extortion, in violation of 18 U.S.C. § 1951. The events underlying the charges, which took place in 2005, involved a scheme between Ozsusamlar and his adult son to hire someone to murder a man on account of an unpaid debt. Ozsusamlar committed that offense while in federal custody following his 2004 conviction, following trial, for conspiracy to bribe a public official, bribery of a public official, conspiracy to commit fraud in connection with identification documents, fraud in connection with identification documents, conspiracy to transport unauthorized immigrants, and transportation of unauthorized immigrants.

In January 2007, Judge Kimba Wood principally sentenced Ozsusamlar to 235 months' imprisonment on those six counts. On March 1, 2007, Judge Peter K. Leisure imposed a term of 188 months' imprisonment for the instant offense, to run consecutively to the 235-months sentence imposed by Judge Wood. Assuming no loss of good conduct time, Ozsusamlar is scheduled to be released from his combined term of imprisonment on or about March 7, 2032. *See* Opp. at 3.

Ozsusamlar filed the instant motion on January 26, 2021, arguing that the combination of his advanced age of 78 and his chronic medical conditions warrants compassionate release in light of COVID-19. Attached to his motion are multiple requests to the Bureau of Prisons requesting compassionate release, each of which was denied on the basis that he has an active ICE detainer.[1] The Government "does not contest that at the present time amidst the current circumstances of the coronavirus pandemic and in the present case, the defendant's [health conditions] present[] an 'extraordinary and compelling reason,'" but opposes the motion on the ground that the "Section 3553(a) factors powerfully outweigh any basis for a sentence reduction." *See* Opp. at 6.

---

[1] According to the Government, there is "a federal detainer placed on the defendant by the Department of Homeland Security in connection with anticipated removal proceedings against the defendant, who is a national of Turkey and is a legal permanent resident but not citizen of the United States." Opp. at 4 n.4. Ozsusmalar maintains that he has been a citizen of the United States since 1998. *See* Mot. at 5.

**LEGAL STANDARD**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court may order a sentence reduction upon finding that (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a). *See id.*

"Application of the § 3553(a) factors requires an assessment of whether the relevant factors outweigh the extraordinary and compelling reasons warranting compassionate release and whether compassionate release would undermine the goals of the original sentence." *United States v. Daugerdas*, No. 09-CR-581, 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations and internal quotation marks omitted). Among the pertinent factors to balance are the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense," "to provide just punishment for the offense," "to protect the public from further crimes of the defendant," "to provide the defendant with needed educational or vocational training, [or] medical care" and "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). Accordingly, judges in the Southern District of New York have denied motions for compassionate release where the sentencing factors outweigh the extraordinary and compelling reasons proffered. *See, e.g., United States v. Lisi,* 440 F. Supp. 3d 246, 252 (S.D.N.Y.

2020); *United States v. Gadsden*, No. 06 CR. 122 (LAP), 2021 WL 639366, at *4 (S.D.N.Y. Feb. 18, 2021); *Daugerdas*, 2020 WL 2097653, at *2.

## DISCUSSION

In this case, the § 3553(a) factors weigh heavily against granting Ozsusamlar's application. Ozsusamlar was convicted of murder-for-hire, a serious crime of violence. The seriousness of that crime is reflected in the length of the sentence imposed. Ozsusamlar plotted to murder a man who owed him approximately $283,000—and to kidnap his children. He offered to pay the hired murderers more than 10 percent of the collected debt as a fee. Ozsusamlar committed this crime from prison, while he was awaiting sentence for another serious crime that involved more than $1,000,000 paid in bribes to a public official. His attempts to cause the death of another human being over a monetary debt demonstrate an indifference to human life that justifies significant punishment. He was approximately at 60 years old at the time.

Ozsusamlar's prior commission of multiple other serious crimes also weigh against reducing his sentence. In September 1995, Ozsusamlar was convicted at trial of numerous offenses that stemmed from his operation of a smuggling ring of unauthorized immigrants. That conduct included taking a woman hostage in Paterson, New Jersey, and physically abusing her. Ozsusamlar served 18 months in prison as a result. His 2004 trial conviction involved a months-long scheme of bribing an employee of the Washington, DC Department of Motor Vehicles to obtain fraudulent driver's licenses for unauthorized immigrants whom Ozsusamlar transported from New York. According to the presentence report in that case, Ozsusamlar facilitated the issuance of over 900 fraudulent licenses for which he was paid approximately $1,500 each. This pattern of criminal conduct, which has not abated with age, indicates that Ozsusamlar is likely not only to recidivate, but also to pose a danger to the safety of the community upon his release.

Ozsusamlar's extensive disciplinary record during his present term of imprisonment, which includes multiple assaults and possession of a dangerous weapon as recently as December 2018, further supports this conclusion.

After considering the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a sentence reduction is not warranted in this case.

## CONCLUSION

For the foregoing reasons, Ozsusamlar's motion for compassionate release is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 143 and to send a copy of this opinion an order to Mr. Ozsusamlar.

SO ORDERED.

Dated:   May 13, 2021
         New York, New York

                                             Ronnie Abrams
                                             United States District Judge