USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/16/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

MUSTAFA OZSUSAMLAR,

Defendant.

No. 05-CR-1077 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On October 20, 2021, the Court denied Mr. Ozsusamlar's *pro se* motion for reconsideration of the Court's previous denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkts. 148, 157. On November 5, 2021, the Court received a letter from Mr. Ozsusamlar, which was dated and signed October 28, 2021, in which he wrote, "I believe I have [the] right to appeal" and requested the Court to "docket[ his] timely appeal request." Dkt. 158. He states that his ground for appeal is ineffective assistance of counsel because he was not represented in his reconsideration motion.

The Court hereby construes Mr. Ozsusamlar's letter as a notice of appeal of the Court's October 20, 2021 Order. *See Marvin v. Goord*, 255 F.3d 40, 42 n.1 (2d Cir. 2001) (per curiam) (explaining that *pro se* notices of appeal are construed liberally). Although the notice was not filed on the Court's docket until November 5, 2021—more than two weeks after the date of the Order—it is timely because Mr. Ozsusamlar's notice of appeal is dated October 28, 2021, which is within the fourteen-day appeal period. Fed. R. App. P. 4(c)(1) (providing that an incarcerated individual's notice of appeal is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing); *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary

1

evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials [for mailing] on the date of their signing.").

If Mr. Ozsusamlar cannot afford to pay the $500 docket fee and $5.00 processing fee, he may move to proceed *in forma pauperis*. The Court has attached to this Order a form "Motion for Leave to Proceed *In Forma Pauperis* on Appeal," which Mr. Ozsusamlar may complete and submit to the Court if he wishes to proceed *in forma pauperis*, and an information packet about appealing to the Second Circuit.

The Clerk of Court is respectfully directed to mail a copy of this Order and attached forms to Mr. Ozsusamlar at the following address:

> Mustafa Ozsusamlar, BOP Number 18188-050
> FCI Hazelton
> P.O. Box 5000
> Bruceton Mills, WV 26525

SO ORDERED.

Dated:     November 16, 2021
           New York, New York

_____
Ronnie Abrams
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____
(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (        )(        )

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

I move under Federal Rule of Appellate Procedure 24(a)(1) for leave to proceed *in forma pauperis* on appeal. This motion is supported by the attached affidavit.

_____
Dated

_____
Signature

_____
Name (Last, First, MI)

_____          _____
Address                                City                 State                          Zip Code

_____          _____
Telephone Number                              E-mail Address (if available)

Rev. 12/23/13

# Application to Appeal In Forma Pauperis

_____v. _____     Appeal No. _____

District Court or Agency No. _____

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)<br><br>  Signed: _____ | Complete all questions in this application and then sign it.  Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.<br><br>  Date: _____ |

My issues on appeal are: (<u>required</u>):

1.    _For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise._

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | <u>Spouse</u> | You | <u>Spouse</u> |
| Employment | $ | $ | $ | $ |
| Self-employment | $ | $ | $ | $ |
| Income from real property (such as rental income) | $ | $ | $ | $ |

12/01/2013 SCC

| | | | | |
|---|---|---|---|---|
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance (such as welfare) | $ | $ | $ | $ |
| Other (specify): | $ | $ | $ | $ |
| **Total monthly income:** | **$** | **$** | **$** | **$** |

2.    *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

3.    *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

- 2 -

4.      *How much cash do you and your spouse have? $_____*

   *Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts.  If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.**

5.      *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| Home | Other real estate | Motor vehicle #1 |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| | | Make and year: |
| | | Model: |
| | | Registration #: |

| Motor vehicle #2 | Other assets | Other assets |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

- 3 -

6.      *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

7.      *State the persons who rely on you or your spouse for support.*

| Name [or, if a minor (i.e., underage), initials only] | Relationship | Age |
|---|---|---|
| | | |
| | | |
| | | |

8.      *Estimate the average monthly expenses of you and your family.  Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home)<br>    Are real estate taxes included?    [  ] Yes  [  ] No<br>    Is property insurance included?    [  ] Yes  [  ] No | $ | $ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ | $ |
| Home maintenance (repairs and upkeep) | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |

| | | | |
|---|---|---|---|
| Transportation (not including motor vehicle payments) | | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | | $ | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | | |
| | Homeowner's or renter's: | $ | $ |
| | Life: | $ | $ |
| | Health: | $ | $ |
| | Motor vehicle: | $ | $ |
| | Other: | $ | $ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | | $ | $ |
| Installment payments | | | |
| | Motor Vehicle: | $ | $ |
| | Credit card (name): | $ | $ |
| | Department store (name): | $ | $ |
| | Other: | $ | $ |
| Alimony, maintenance, and support paid to others | | $ | $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | | $ | $ |
| Other (specify): | | $ | $ |
| **Total monthly expenses:** | | **$** | **$** |

9.    *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

   [  ] Yes        [  ] No        If yes, describe on an attached sheet.

10.    *Have you spent — or will you be spending —any money for expenses or attorney fees in connection with this lawsuit?* [   ] Yes [   ] No

   *If yes, how much?* $ _____

11.     *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

12.     *Identify the city and state of your legal residence.*

City _____     State _____

Your daytime phone number: _____

Your age: _____   Your years of schooling: _____

Last four digits of your social-security number:  _____

<div style="border:1px solid black">

# HOW TO APPEAL A CRIMINAL CASE
# TO THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

</div>

## TABLE OF CONTENTS

NOTICE................................................................................................................................1

INTRODUCTION................................................................................................................1

NOTICE OF APPEAL........................................................................................................1

DOCKET FEE....................................................................................................................2

CONTINUATION OF TRIAL COUNSEL........................................................................2

MOTION TO BE RELIEVED AS COUNSEL...................................................................2

ACKNOWLEDGMENT AND NOTICE OF APPEARANCE...........................................3

ADMISSION TO PRACTICE BEFORE THE SECOND CIRCUIT..................................3

THE TRANSCRIPT............................................................................................................4

PAYMENT FOR THE TRANSCRIPT (FRAP 10(b)(4))..................................................4

RECEIPT OF THE TRANSCRIPT & NOTIFICATION OBLIGATIONS.........................4

EXHIBITS...........................................................................................................................5

THE RECORD.....................................................................................................................5

BRIEFING SCHEDULE.....................................................................................................5

BRIEF AND APPENDIX....................................................................................................6

       *FORM OF BRIEF AND APPENDIX*...............................................................6

          The Brief.....................................................................................................6

          The Appendix..............................................................................................7

       *SPECIAL APPENDIX*....................................................................................8

       *ANDERS BRIEFS*.........................................................................................8

MOTIONS...........................................................................................................................8

STIPULATION OR MOTION TO VOLUNTARILY DISMISS A CRIMINAL APPEAL.......9

PRIVACY NOTICE............................................................................................................9

PROOF OF SERVICE........................................................................................................9

FAILURE TO FILE..........................................................................................................10

DOCUMENTS UNDER SEAL.........................................................................................10

PRE-SENTENCE INVESTIGATION REPORT (PSR)...................................................10

ORAL ARGUMENT.........................................................................................................11

PETITION FOR REHEARING OR MOTION FOR RECONSIDERATION..................11

ISSUANCE OF MANDATE.............................................................................................12

PETITION FOR A WRIT OF CERTIORARI TO
   THE UNITED STATES SUPREME COURT.............................................................12

DEATH PENALTY APPEAL...........................................................................................12

APPEALS CLERKS IN THE DISTRICT COURTS........................................................13

SECOND CIRCUIT CLERK'S OFFICE..........................................................................13

NOTICE TO COURT-APPOINTED COUNSEL OF PUBLIC DISCLOSURE
   OF ATTORNEY FEE INFORMATION......................................................................14

Revised 9-16

<u>NOTICE</u>

*<u>Case Management/Electronic Case Filing ("CM/ECF")</u>*

**In all cases with a docket number beginning with "10-" or greater, all counsel who appear in a case before this Court must electronically file documents in CM/ECF. <u>See</u> LR 25.1. Every counsel admitted to practice in this Court must be registered as a filing user in CM/ECF. <u>See id.</u>**

<u>**INTRODUCTION**</u>

These instructions are provided to alert counsel and pro se litigants to particular aspects of this Court's practice. The instructions must be read together with the Federal Rules of Appellate Procedure (FRAP), this Court's Local Rules (LRs) and Internal Operating Procedures (IOPs), and applicable statutes and case law. FRAP, the LRs and IOPs, and all relevant Court forms are posted on the Court's website www.ca2.uscourts.gov.

<u>**NOTICE OF APPEAL**</u>

A defendant who wishes to appeal a final decision of the district court can obtain a Notice of Appeal form from the district court and must file the Notice of Appeal in the district court within 14 days after the entry of the judgment or order being appealed. A Notice of Appeal filed after the decision, sentence, or order is announced but before it is entered is treated as filed on the day of entry.

If a party files one of the following motions in district court, the time to file an appeal runs from the entry of the order determining the last of the motions:

* for judgment or acquittal under Fed. R. Crim. P. 29;
* for a new trial under Fed. R. Crim. P. 33, but if based on newly discovered evidence, only if the motion is made no later than 14 days after the entry of judgment;
* for arrest of judgment under Fed. R. Crim. P. 34.

A party must promptly notify this Court when the party has filed one of the above motions in the district court. LR 4.2. Within 14 days of the district court disposing of the last of any of the above motions, the party who filed the motion(s) must notify this Court that the district court has acted on the motion(s). Id.

A Notice of Appeal filed after the decision, sentence, or order is announced but before the entry of the judgment or order is treated as filed on the day of the entry. FRAP 4(b)(2). A Notice of Appeal filed after the entry of judgment but before the last of the motions described above is decided is treated as filed upon the later of entry of the order determining the last of the motions or entry of the judgment of conviction. FRAP 4(b)(3)(B).

**Only the district court can extend the time to file a notice of appeal for excusable neglect or good cause shown**.

## DOCKET FEE

The appellant must pay the $500 docket fee, plus $5.00 processing fee, to the clerk of the district court when the Notice of Appeal is filed.

An appellant who cannot afford to pay the fee must file in the district court a motion for "*in forma pauperis*"("IFP") status unless the district court already permitted the defendant to proceed IFP in that court and has not revoked that status.  See 28 U.S.C. §1915; FRAP 24.

If the district court has denied or revoked IFP status, the appellant must pay the fee or make a motion in the Court of Appeals for IFP status.  The motion to proceed IFP must include the Court's T-1080 Motion Information Statement (see **Motions**, below), a statement explaining the merit of the appeal, and Financial Affidavit Form CJA-23.  The motion must be served on all other parties in the case, and a proof of service form must be submitted with the motion.  The motion papers must be typed or legibly printed.

Within 14 days of the filing of the notice of appeal, if the fee has not been paid, an appellant must (1) move for IFP status in the district court; (2) move for IFPstatus in the Court of Appeals if the district court has denied or withdrawn IFP status; or, (3)  notify the Court of Appeals that the appellant will make a motion for IFP status within 30 days of the service of notice that the district court has denied a pending request for IFP status.  **If the appellant does not take any of these actions, the Court of Appeals may dismiss the case.**

A motion for IFP status must include a statement that identifies each issue to be raised on appeal and with respect to each issue, the facts and reasons that demonstrate the issue's merit.  If the appellant fails to file the statement or if the Court determines that the appeal is frivolous, the appeal may be dismissed.  LR 24.1.

If the appeal is dismissed or denied, the docket fee will not be refunded to appellant.

## CONTINUATION OF TRIAL COUNSEL

When a convicted defendant wishes to appeal, trial counsel, whether retained or appointed, is responsible for representing the defendant unless counsel is relieved by the Court of Appeals.  The district court has no authority to relieve counsel from representation on appeal,  and such orders of the district court are null and void.  Please note that unless and until counsel is relieved by this Court, counsel will be held responsible for the appeal even if the Notice of Appeal is filed pro se.  See LR 4.1.  Counsel must comply with FRAP and all LRs and IOPs.

## MOTION TO BE RELIEVED AS COUNSEL

Trial counsel who wishes to be relieved on appeal must move in the Court of Appeals within  7 days after filing the Notice of Appeal.  This motion **must** set forth the reasons for relief, and it **must** be based upon one of the following:

(1)     A showing that new counsel has been retained or appointed to represent the defendant;

(2)     The defendant's completed application for appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A(a) to (k) ("CJA"), or a showing that such application already has been filed in the Court of Appeals;

(3)     A defendant's affidavit or signed statement setting forth that the defendant has been advised of the right to retain new counsel or apply for appointment of counsel and expressly stating that the defendant does not wish to be represented by counsel but elects to appeal pro se;

(4)     A defendant's affidavit or signed statement setting forth that the defendant has been advised of the defendant's rights with regard to the appeal and expressly stating that the defendant elects to withdraw the appeal; OR

(5)     A showing that exceptional circumstances prevent counsel from meeting any of the requirements stated in (1)-(4) above.  **Note:** if the motion asserts exceptional circumstances under this paragraph, the motion must be accompanied by proof of service on the defendant and the Government.

If counsel is not admitted to the Court, counsel must contact the clerk's office before filing the motion to be relieved.

If the sole reason for not proceeding as counsel on the appeal is that the defendant appellant cannot pay the legal fee, the defendant must submit an application for the appointment of counsel together with a completed Financial Affidavit Form CJA-23.  In all likelihood if appellant meets the criteria for IFP status, trial counsel will be appointed as counsel under the CJA for the purpose of pursuing the instant appeal.

## ACKNOWLEDGMENT AND NOTICE OF APPEARANCE

**An Acknowledgment and Notice of Appearance must be filed by all parties within 14 days of receiving the Court's docketing notice.**  Timely submission of the Acknowledgment and Notice of Appearance will constitute compliance with the requirement to file a FRAP 12(b) Representation Statement. In counseled cases only an attorney whose admission to this Court's bar is current or an attorney with an admission or renewal application pending may file a Notice of Appearance.  A pro se party must provide all applicable information on the Acknowledgment and Notice of Appearance form.

If an attorney other than the originally designated lead counsel of record wishes to appear in a case for any reason, that attorney must file a Notice of Appearance of Substitute, Additional, or Amicus Counsel.

An attorney or pro se party who does not immediately notify the Court when contact information changes will not receive notices, documents and orders filed in the case.  An attorney and any pro se party who is permitted to file documents electronically in CM/ECF must notify the Court of a change to the user's mailing address, business address, telephone number, or e-mail.  To update contact information, a Filing User must access PACER's Manage My Appellate Filer Account, https://www.pacer.gov/psco/cgi-bin/cmecf/ea-login.pl.  The Court's records will be updated within 1 business day of a user entering the change in PACER.

A pro se party who is not permitted to file documents electronically must notify the Court of a change in mailing address or telephone number by filing a letter with the Clerk of Court.

## ADMISSION TO PRACTICE BEFORE THE SECOND CIRCUIT

Counsel of record and additional counsel participating in any aspect of the case must be admitted to this Court's bar and keep that admission current in accordance with the Court's procedures. A renewal extends admission for five years. Admission *pro hac vice* will be granted to a member of the bar of a district court who is acting for a party proceeding IFP <u>or</u> who can demonstrate exceptional circumstances justifying admission for the particular case. A <u>written</u> motion to proceed *pro hac vice* must be filed before the Notice of Appearance is filed. For forms and information on admission to practice before this Court, visit the Court's website. <u>See</u> LR 46.1**.**

## THE TRANSCRIPT

If the transcript of the trial minutes or other proceedings, or a portion thereof, is necessary for the appeal, it **must** be ordered at the earliest possible moment. The transcript can be ordered as early as during the trial court proceedings but not later than 14 days after the filing of the Notice of Appeal. To order a transcript, the appellant should complete Transcript Information Form B, which may be obtained from either the Courtroom Deputy, the district court's appeals clerk, or this Court's website. The appellant should then forward a copy to the court reporter. <u>See</u> FRAP 10(b); LR 12.2(a)(1). If the appellant does not intend to order a transcript, the appellant must check the appropriate box on Form B and file Form B with the Court no later than 14 days after the filing of the Notice of Appeal.

## PAYMENT FOR THE TRANSCRIPT

At the time of ordering the transcript, satisfactory payment arrangements must be made with the reporter for payment of the transcript. Counsel appointed under the CJA must complete Authorization and Voucher for Payment CJA Form 24, obtain the trial judge's signature, and forward it to the court reporter along with Transcript Information Form B. At the time of ordering the transcript, retained counsel must establish a mutually agreeable arrangement with the court reporter for payment since the court reporter generally will not begin transcribing until payment terms are established. It is important that the dates on Form B reflect the exact dates of the required transcripts. <u>See</u> FRAP 10(b)(4).

It is assumed that all necessary minutes have been placed on order once Form B is filed. Any amendment, correction, or supplement to the initial transcript order must be submitted in writing to the court reporter with a copy forwarded to the Court of Appeals and to the district court clerk. Absent extraordinary circumstances, the Court may impose sanctions for subsequent delays for failing to order all necessary transcript(s) in a timely manner.

## RECEIPT OF THE TRANSCRIPT & NOTIFICATION OBLIGATIONS

Upon receipt of Form B, the court reporter must promptly complete the acknowledgment section and send it to the circuit clerk. If the court reporter has not completed the transcript within 30 days of receipt

4

of Form B, the reporter must seek from the Court of Appeals an extension of time to complete the transcript. The request must be served on all parties to the appeal. See LR 11.3. In addition, an appellant who has not received the transcript within 30 days of the date the transcript was requested must inform the Court of Appeals in writing and explain all efforts the appellant has made to obtain the transcript. Thereafter, the appellant is required to update the Court in writing in 14-day intervals about the status of the transcript until the transcript has been completed. During this time the Clerk's Office will attempt to facilitate delivery of the transcript.

## EXHIBITS

The district court clerk retains any non-designated exhibits unless this Court or a party's counsel directs otherwise. See FRAP 11(b)(2). A party having possession of an exhibit offered or admitted in the district court but not filed with the district clerk must retain custody of the exhibit until this Court issues its mandate. See LR 11.2. The party that has custody of the exhibit must make it available if requested by the Court or a party. See LR 11.2.

## THE RECORD

The record on appeal consists of all of the lower court documents including transcripts. For counseled criminal appeals the Court of Appeals generally requests that only the index of the record be filed; and the documents that constitute the record remain in the district court until needed. The appellant must do whatever is necessary to enable the district court clerk to assemble and forward the index of the record to the Court of Appeals within 14 days of filing the notice of appeal. The appellant's counsel must ensure that the district court has a complete index. Receipt from the district court of a certified copy of the index will satisfy the requirement to file the record unless the Court of Appeals directs otherwise. If the Court of Appeals requires the entire record or any portion thereof, counsel must timely prepare the record so that it can be transmitted to the Court. See FRAP 10, 11; LR 11.1.

An appellant may proceed on the original record without filing an appendix in a criminal appeal conducted IFP. See LR 30.1.

In pro se cases, the district court will prepare and forward the record.

## BRIEFING SCHEDULE

Within 14 days of the date the appellant receives the completed transcript or the date the appellant is required to file the certificate on Form B indicating that no transcript will be ordered, the appellant must notify the Court in writing of the date by which the appellant's brief will be filed. Unless the case involves a voluminous transcript, the appellant must select a filing date that is within 91 days of receipt of the completed transcript. Appellant's proposed filing date will be so-ordered unless the Court determines the selected filing date is unacceptable. **In a counseled criminal appeal, when the Court orders a briefing deadline pursuant to a scheduling notification, the order will specify that if the brief is not timely filed, counsel may be subject to an order to show cause why a financial sanction should not be imposed under LR 27.1(h) for the default.**

Within 14 days of the filing of appellant's brief or the last appellant's brief in a multi-defendant

appeal, the appellee must notify the Court in writing of the date by which the appellee's brief will be filed. Unless the case involves a voluminous transcript, the appellee must select a filing date that is within 91 days of filing of the last appellant's brief.  Appellee's proposed filing date will be so-ordered unless the Court determines the selected filing date is unacceptable.

If a cross-appeal has been filed, within 14 days of filing of the last cross-appellant's brief, the appellant-cross-appellee must notify the Court in writing of the date by which the appellant-cross-appellee's response brief will be due.  The appellant-cross-appellee must select a filing date that is within 60 days of filing of the last cross-appellant's brief.

Absent extraordinary circumstances, an appellant's failure to submit a scheduling letter will result in a briefing deadline of 40 days from the date the completed transcript is received.  An appellee's or appellant-cross-appellee's failure to submit a scheduling letter will result in a briefing deadline of 30 days from the date the last appellant's or cross-appellant's brief is filed.  If a reply brief is filed, it must be served and filed within 14 days after service of the last appellee's brief (or cross-appellee's brief if a cross-appeal has been filed) but not less than 7 days before argument unless the Court allows a later filing.  See LR 31.2(a)(2).

A party's filing of a potentially dispositive motion, a motion for *ifp* status, or a FRAP 42 stipulation for dismissal without prejudice at any time prior to one of the briefing schedule deadlines set forth above tolls the time period for the filing of scheduling notifications and briefs.

**A motion for leave to extend the time to file a brief must be made as soon as practicable after an extraordinary circumstance arises, but an extension of time to file a brief will <u>not</u> be granted in the absence of a most extraordinary circumstance.  If a case is dismissed for failure to timely file a brief, a party who moves to reinstate the appeal must file the motion within 14 days of the date of the order dismissing the appeal and must attach the party's brief as an exhibit to the motion.  <u>See</u> LR 27.1(i).**

## BRIEF AND APPENDIX

### *FORM OF BRIEF AND APPENDIX*

### <u>The Brief</u>

The brief sets forth the legal argument of the case and must comply with FRAP 28, 28.1, 29, 32, and 32.1 and LRs 25.1, 31.1, and 32.1, as each rule may be applicable.

A principal brief must not exceed 30 pages or 14,000 words.  If monospaced typeface, it must not exceed 1300 lines of text.  Monospaced typeface, such as "Courier," must not contain more than 10½ characters per inch.  Proportionally spaced typeface such as "Times New Roman" must be 14-point or larger. Text and footnotes in a pamphlet brief must be in 12-point or larger type with 2 points or more leading between the lines: printers should be familiar with these standards.

A reply brief must not exceed 15 pages or half the type-volume (i.e., numbered words or lines) permitted in a principal brief.  Headings, footnotes, and quotations count toward word and line limitations.

The filer must certify the number of words or lines in a certificate of compliance which is included in the brief.

The corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules, or regulations; and any certificates of compliance do not count toward the type-volume limitation.  See FRAP 32.

A brief must be legible.

A brief in pamphlet size will be accepted in this Court and must conform to FRAP 32(a).

The appellant's brief must also contain (see FRAP 28):

- A table of contents, with page references;
- An alphabetically arranged table of cases, statutes, and other authorities cited with references to pages in the brief;
- A statement of subject matter and appellate jurisdiction, the filing dates establishing timeliness of the appeal, and an assertion that the appeal is from a final order or judgment or that some other basis exists for appellate jurisdiction;
- A statement of the issues presented;
- A concise statement of the case that (a) includes at the beginning of the section (1) a description of the nature of the case and the relevant procedural history, (2) identification of the judge or agency official who rendered the decision being appealed, (3) the disposition below, and (4) citation to the decision or supporting opinion, if reported, see LR 28.1(b), and (b) sets out the facts relevant to the issues submitted for review, with references to the record;
- A summary of argument;
- An argument;
- A short conclusion stating the precise relief sought;
- Proof of service unless filed electronically in accordance with LR 25.1; and
- A Certificate of Compliance bound at the back of the brief when a principal brief exceeds 30 pages or a reply brief exceeds 15 pages, see FRAP 32(a)(7)(C).

The following colors for brief covers must be used:

- Appellant - Blue
- Appellee - Red
- Reply - Gray
- Intervenor or Amicus - Green
- Supplemental - Tan

The caption on the covers of the briefs and appendices must conform to this Court's "official caption."  If this Court's official caption is erroneous, counsel must alert the Court promptly in writing but in no event later than 7 days prior to the due date for the appellant's brief.

**A motion for leave to file an oversized brief must, in the absence of extraordinary circumstances, be made at least 14 days before the brief's due date.**

## The Appendix

The appendix must comply with FRAP 30 and LR 30.1.  It should contain from the record on appeal all material cited in the briefs or required by the Court to be included.  Such material includes the following:

- •     the relevant docket entries in the district court proceedings;
- •     any relevant portions of the pleadings, charge, findings, or opinion;
- •     the judgment, order, or decision being appealed; and
- •     any other parts of the record to which the parties wish to direct the particular attention of the Court.

Only those parts of the record necessary to illustrate the legal argument should be included in the appendix. The omission of part of the record from the appendix will not preclude the parties or the Court from relying on such parts since the record is available to the Court if needed.  See FRAP 30(a)(1).

Only material that is part of the record on appeal may be included in the appendix.


### *SPECIAL APPENDIX*

The parties must file a Special Appendix if the appendix, exclusive of the orders, opinions, and judgments being appealed, exceeds 300 pages.  The Special Appendix must contain (1) the orders, opinions, and judgments being appealed and (2) the text, with appropriate citation, of any significant rule of law, including any constitutional provision, treaty, statute, ordinance, regulation, rule, or sentencing guideline. The Special Appendix may be an addendum at the end of a brief or a separately bound volume designated "Special Appendix."  See LR 32.1.

**If an attorney's failure to file a brief or appendix in a criminal case results in a default or dismissal of the appeal, this Court may discipline the attorney**.


### *ANDERS BRIEFS*

Counsel may file an "Anders brief" if defendant-appellant's counsel determines that no non-frivolous issues exist on appeal after thorough review of the district court record.  Specific instructions on how to file an Anders brief are available here.


### <u>MOTIONS</u>

All requests to the Court - for example, permission to file an oversized brief - must be made in the form of a motion that complies with FRAP 27, LR 27.1, and any other applicable rule or statute.  The Court requires that a motion be accompanied by the Court's Form T-1080 Motion Information Statement.  In a case in which all parties are represented by counsel, the moving party's motion must indicate (1) that the movant has notified opposing counsel or why the movant could not do so, (2) opposing counsel's position on the relief requested, and (3) whether opposing counsel intends to file a response to the motion.

An affidavit or attorney's affirmation that contains only factual information must be filed with the motion.  The movant may file a memorandum of law that complies with LR 27.1(a)(3).

A moving party seeking substantive relief from a lower court opinion or agency decision order must attach a copy of the opinion or decision and any written decision as a separately identified exhibit.  For cases in which a party does not file documents electronically with the Court, a movant must file only an original of the motion.  If the motion exceeds 50 pages, the movant must also submit 3 additional paper copies of

the motion to the Court.  Proof of service on all other parties to the action must accompany the motion papers unless the motion is filed electronically in accordance with LR 25.1.

Papers in response to a motion must be served and filed within 10 days of service in person or within 13 days of service by mail or email.  For cases in which the Court does not require electronic filing of documents, an adverse party must file only an original of the responsive papers.  If the response exceeds 50 pages, the respondent must also submit 3 additional paper copies of the response.  A substantive motion requiring oral argument is usually heard on Tuesdays when the Court is in session.

Procedural motions (for example, an extension of time to file a document or permission to file an oversized brief), will not be placed on a motions calendar and need not be noticed for a particular date. Since papers usually are not filed in opposition to procedural motions, the Court does not wait for such papers to determine the motion.  As a result, opposition papers should be filed promptly to ensure that the Court considers them.  In some instances the Court may request the filing of opposition papers.  In that event the opposition papers should be filed in accordance with the deadline set by the Court.

Certain routine procedural motions are determined by the clerk or the clerk's designee acting under the clerk's authority.  Other procedural motions are referred to the applications judge. Upon counsel's request for reconsideration, a clerk's order may be resubmitted to a judge for determination.

Once a case is assigned a date for oral argument, <u>all</u> motions filed in that case, including any procedural motions, will be referred to the panel that will hear the appeal.  To maintain the anonymity of the panel, a motion decided by the panel is signed by the clerk or the clerk's designee.

## <u>STIPULATION OR MOTION TO VOLUNTARILY DISMISS A CRIMINAL APPEAL</u>

If a defendant's counsel files a stipulation or motion to voluntarily dismiss the appeal, counsel must include the defendant's signed statement that counsel has explained the effect of voluntary dismissal of the appeal, the defendant understands counsel's explanation, and the defendant desires to withdraw and voluntarily dismiss the appeal.  <u>See</u> LR 42.2.

## <u>PRIVACY NOTICE</u>

Unless the Court orders otherwise, any submission to the Court must not include an individual's social security number, taxpayer identification number, or birth date; the name of an individual known to be a minor; or a financial account number except as permitted in Fed. R. Crim. P. 49.1.

## <u>PROOF OF SERVICE</u>

All papers filed in the Court of Appeals must be served on the other parties in the case.  <u>See</u> FRAP 25.  The PDF version of a document must be emailed to a party represented by counsel and to a party not represented by counsel if the pro se party has chosen to submit documents in PDF.

 All such papers presented for filing must contain an acknowledgment of service by the person(s) served or proof of service by the person who made the service.  The acknowledgment or proof must be in the form of a certified statement of the date and manner of service and the name of each person served.

Proof of service may appear on or be affixed to the papers filed.  An acknowledgment and proof of service form can be found on the Court's website.  If, however, a party is filing a document electronically with the Court in accordance with LR 25.1, no separate proof of service is necessary.  See LR 25.1(h)(2).

A pro se litigant who does not submit documents in PDF must be served with hard copies of documents by mail or in person.

## FAILURE TO FILE

If a counseled or pro se appellant or petitioner fails to file a form, brief, appendix, or document or otherwise fails to act by the date set in FRAP, a LR, or a Court order, that party will be deemed in default. The Court will issue an order that sets a firm dismissal date to occur if the default is not cured within a specified time frame.  Once the case is dismissed, the Court will view a motion to reinstate unfavorably unless the Court finds that extraordinary reasons explain the default.  A party that files a motion to reinstate the appeal following dismissal for failure to file a brief on time must do so within 14 days of the date of the order dismissing the appeal.  The motion to reinstate must include the party's brief as an exhibit to the motion.  See LR 27.1(I).

## DOCUMENTS UNDER SEAL

On rare occasions a document will be placed "under seal" so that it is not publicly available.  A paper that has been sealed in the district court will remain under seal in the Court of Appeals if received as part of the record.  A document that was not sealed in the district court will not be sealed in the Court of Appeals without a Court order.  A party wishing to file a paper under seal with the Court of Appeals must make a written motion.  An informal request to seal a document  will not be entertained.  All papers submitted to the Court pursuant to a sealing order must be submitted in a sealed envelope, marked **SEALED**, with a copy of the order placing the document under seal attached to the envelope.  One set of the sealed papers, must be filed in addition to the number of copies required by court rule - for example, six copies of briefs plus one additional copy, three copies of motion papers plus one additional copy.

A party must not file a sealed document electronically in CM/ECF, but within 7 days after filing a sealed document, the party must file a redacted version of the document electronically on the docket unless the Court orders otherwise.  See LR 25.1(j)(2).

## PRE-SENTENCE INVESTIGATION REPORT (PSR)

If the appeal involves any United States Sentencing Guidelines issues, the appellant must submit a copy of the PSR with the appellant's brief and appendix.  To preserve the confidentiality of the information contained in the report, the copy of the PSR should be placed in a sealed envelope with the words "Pre-Sentence Investigation Report" written on the outside of the envelope.  Also, the appellant must write on the envelope the short caption and docket number of the case in which the PSR is being filed.  If the case involves multiple defendants, the appellant must indicate on the envelope which defendant is filing the PSR.

## ORAL ARGUMENT

Within 14 days after the final appellee's brief is filed, each party must advise the Court whether it seeks oral argument by filing an Oral Argument Statement Form which is available on the Court's website. Failure to timely file the Oral Argument Statement Form signifies that the party does not seek oral argument. See LR 34.1.

On occasion the Court may decide to take a case on submission, without oral argument.  When the Court so decides, the clerk will notify the parties.  See FRAP 34(a)(2), LR 34.1.

When an appeal is set for argument, the Court will notify counsel 2 to 4 weeks prior to the argument date.  Occasionally the notification time may be shorter especially if the appeal has been expedited on motion of the parties.  **Once a case has been assigned a date for oral argument, an adjournment is rarely granted.**

An appeal is  heard by a three-judge panel of the Court.  The names of the judges are made public at noon on Thursday of the week before the panel sits.  From the third week in August through June, the Court generally sits every weekday but not on a holiday or during the last week of December.  In July and the first two weeks of August, the Court holds argument as needed.

Currently the Court hears argument in Courtroom 1705 of the Thurgood Marshall U.S. Courthouse at 40 Centre Street, New York City.  Occasionally the Court will hear argument at another location within the Circuit.  Oral argument usually starts at 10:00 a.m. and continues until completion.  During certain weeks the Court has double panels with the second panel hearing argument simultaneously in Courtroom 1505 of the Thurgood Marshall U.S. Courthouse.  Notice of changes in the date, time, or location of a Court session is posted on the website.

The Court sets the amount of argument time for each case that will be heard.  Arguments are generally limited to 10 minutes or less per side.  Additional time may be granted in complex or multi-party cases.

## PETITION FOR REHEARING OR MOTION FOR RECONSIDERATION

When the Court issues (1) an opinion pursuant to which a final judgment is entered or (2) a summary order and judgment disposing of the appeal, a party may wish to apply for a rehearing.  There are two kinds of rehearing.  A petition for a panel rehearing requests that the panel of judges that originally heard the case reconsider its decision. A petition for a rehearing en banc requests that all the active judges on the Court rehear the case.  A petition for panel rehearing and/or rehearing en banc must be filed within 14 days after the decision determining the case is filed.  FRAP 35(c), 40(a)(1); LRs 35.1, 40.1.  If a party is simultaneously filing a petition for rehearing and a petition for rehearing en banc, both requests must be made in a single document.  When a petition for rehearing exceeds 50 pages, including the copy of the opinion or summary order to which the petition relates, the party filing the petition must submit 3 paper copies to the Court.  If the petition for rehearing includes a petition for rehearing en banc, the party filing the petition must submit 15 paper copies to the Court.  Submission of the paper copies is in addition to any applicable electronic filing requirements.

In some cases the Court may dispose of an appeal by a final three-judge order for which a FRAP 36 judgment is not entered.  In these instances an adversely affected party may file a motion for panel

reconsideration and a motion for reconsideration en banc.  <u>See</u> LR 40.2.  The motion must comply with the requirements for filing a petition for rehearing or rehearing en banc under FRAP 35, FRAP 40, and LRs 35.1 and 40.1.  <u>See</u> <u>id</u>.

       If the Court substantively amends a decision, the time for filing a petition or motion begins to run from the date the amended decision is entered.  This recalculation of the time does not apply if the Court issues a decision making a non-substantive change (e.g., correcting a typographical error).  Each petition or motion must include a copy of the opinion or summary order to which the petition or motion relates.

       The timely filing of a petition for rehearing or a motion for panel reconsideration will stay the issuance of the mandate until disposition of the petition or motion unless otherwise ordered by the Court.  If the petition or motion is denied, the mandate issues 7 days after the entry of the order denying the petition or motion unless the time is shortened or extended by order.

## ISSUANCE OF MANDATE

       The issuance of the mandate terminates the Court of Appeals' jurisdiction over a case and transfers jurisdiction back to the district court.  The mandate is a copy of the order or judgment that terminates the case with the word "Mandate" inscribed on the paper.  There is no separate document.  If no petition for rehearing is filed, the mandate will issue 21 days after the entry of the judgment.  It issues 7 days after entry of an order denying a timely petition for rehearing or sooner if so ordered by the Court.  FRAP 41.

       An appeal that is terminated upon the disposition of a motion ordinarily is mandated forthwith.

## PETITION FOR A WRIT OF CERTIORARI
## TO THE  UNITED STATES SUPREME COURT

       A party seeking United States Supreme Court review of a Court of Appeals judgment or order must file a petition for a writ of certiorari with the Supreme Court within 90 days from the date of the entry of judgment or denial of the petition for rehearing.  The party may move to stay the mandate, pending application to the Supreme Court for a writ of certiorari.  FRAP 41(d)(2).

## DEATH PENALTY APPEAL

       An appeal that challenges, defends, or otherwise relates to the validity or execution of a decreed death sentence is governed by LR 47.1 and IOP 47.1 in addition to the information set forth in this manual.

## APPEALS CLERKS IN THE DISTRICT COURTS

An appeals clerk has been appointed in each district court's clerk's office to assist anyone who may have questions regarding the filing of appeal papers.  The following list provides contact numbers/locations for the appeals clerks within the Second Circuit:

| | |
|---|---|
| District of Connecticut | 203-773-2140 |
| Northern District of New York | 315-234-8502 |
| Eastern District of New York | 718-260-2310 (Brooklyn, NY) <br> 631-712-6030 <br> or <br> 631-712-6042 (Central Islip, NY) |
| Southern District of New York | 212-805-0636 (New York, NY) <br> 914-390-4100 (White Plains, NY) |
| Western District of New York | 716-332-1708 (Buffalo, NY) <br> 585-613-4016 (Rochester, NY) |
| District of Vermont | 802-951-6395 ext. 119 |

## SECOND CIRCUIT CLERK'S OFFICE

Any person with questions regarding appellate procedure in the Second Circuit should contact the Clerk's Office.  Anyone with a case before this Court should speak with the Case Manager assigned to that matter.  Set forth below are the relevant telephone numbers in the Second Circuit's Clerk's Office for use during the various stages of a criminal appeal:

Case Initiation (until issuance of docketing notice). . . . . . . .212-857-8551
Criminal Team. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .212-857-8515
Calendar Team. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .212-857-8595
Records. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 212-857-8620
Attorney Admissions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 212-857-8603

## NOTICE TO COURT-APPOINTED COUNSEL OF PUBLIC DISCLOSURE
## OF ATTORNEY FEE INFORMATION

The Criminal Justice Act, 18 U.S.C. § 3006A(a) to (k) ("CJA"), was amended on January 25, 1998 to require that the amounts paid to court-appointed attorneys must be made publicly available upon the Court's approval of the payments.  Although the amendment to the statute expired on January 24, 2000 pursuant to 18 U.S.C. § 3006A(d)(4), a corresponding guideline in Guide to Judiciary Policies and Procedures, Volume 7 (Appointment of Counsel in Criminal Cases), Section A (Guidelines for the Administration of the Criminal Justice Act and Related Statutes), Chapter V, paragraph 5.01, continues the requirement pursuant to Judicial Conference policy.  The Court may disclose an unredacted copy of a payment voucher submitted by defense counsel, or it may release a redacted copy of a voucher, indicating only the amounts approved for payment according to categories of services listed in the statute.  The extent of disclosure depends on whether the case is pending and on whether the Court determines that certain interests (listed below in part B.1) require redaction of detailed information on the voucher.  Upon Court approval of a voucher claim, payment information will be released as follows:

A. **BEFORE OR DURING THE TRIAL:**  After redacting any detailed information provided to justify the expenses, the Court will make available to the public only the amounts approved for payment, divided into the categories set forth in subpart (d) (4) (B) (ii) of the CJA.

B. **AFTER THE TRIAL IS COMPLETED:** The Court shall release either redacted or unredacted vouchers as follows:

1. **If trial court proceedings have been completed and appellate review is not being pursued or has concluded at the time payment is approved:**  The Court will make an unredacted copy of the payment voucher available to the public unless it determines that one or more of the interests listed below justify limiting disclosure to the amounts approved for payment in the manner described in part A.  The interests that may require limiting disclosure include:

    (a) the protection of any person's Fifth Amendment right against self-incrimination;

    (b) the protection of the defendant's Sixth Amendment right to effective assistance of counsel;

    (c) the defendant's attorney-client privilege;

    (d) the work product privilege of the defendant's counsel;

    (e) the safety of any person; and

    (f) any other interest that justice may require, except that the amount of fees shall not be considered a reason justifying any limited disclosure under 18 U.S.C.  § 3006A(d)(4).

14

2.      **If appellate review is being pursued at the time payment is approved:**  The Court will release only the amounts approved for payment in the manner described in part A unless it finds that none of the interests listed above in part B.1 will be compromised.

**If counsel believes that any of the interests listed above in part B.1 justify limiting disclosure to the amounts approved for payment, counsel should submit to the Court a written request, identifying the interests at risk and the arguments in support of providing protection, AT OR BEFORE THE TIME A CLAIM FOR PAYMENT IS MADE.  Failure to do so could result in the public release of unredacted copies of your vouchers without further notice.**

---

**PUBLIC NOTICE**

**This constitutes notice as required under 18 U.S.C. §3006A(d)(4)(E).  Additional notice will <u>NOT</u> be provided before any payment information is made available to the public.**

---