UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 04/26/2022

UNITED STATES OF AMERICA

v.

MUSTAFA OZSUSAMLAR,

Defendant.

No. 05-CR-1077-1 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On April 18, 2022, the Court received a letter from Mr. Ozsusamlar regarding the official transcript of his November 8, 2007 sentencing, which was recently filed on the docket. *See* Dkt. 170. Although Mr. Ozsusamlar suggested that he was requesting redactions to that transcript, the substance of his letter appears to renew the arguments that he has made in his previous submissions to this Court—namely, that the transcript is inaccurate. The Court has twice rejected those arguments and sees no reason to depart from its prior conclusions.

Although Mr. Ozsusamlar attaches to his most recent filing a letter from the District Court for the District of New Jersey, in which that court stated that the sentence imposed by Judge Leisure on November 8, 2007 "was to run concurrently with" a prior sentence that had been imposed in February 2007 by then-Chief Judge Wood, the Court concludes that this statement is an inadvertent error. The sentencing transcript clearly indicates that Judge Leisure imposed his sentence to run consecutively with Mr. Ozsusamlar's prior sentence. *See* Dkt. 170 at 38 ("This sentence is to run consecutively to the 235-month sentence imposed by Chief Judge Kimba Wood."). Moreover, Judge Leisure repeatedly discussed the consecutive nature of the sentence, both when describing the Probation Department's sentencing recommendation and when speaking with the Government and defense counsel; this strongly suggests that the use of the word

"consecutively" in the official pronouncement of the sentence is not an isolated typographical error. *See, e.g.*, *id.* at 11, 15, 28, 36, 42.  The judgment itself corroborates the consecutive nature of Judge Leisure's sentence, further belying the inference that the transcript is inaccurate. *See* Dkt. 91 at 2.  Viewing the record as a whole, neither the New Jersey court's letter nor Mr. Ozsusamlar's other arguments provide "clear evidence that the transcript is in error" such that Mr. Ozsusamlar has "overcome the statutory presumption that a certified court transcript is correct." *United States v. DiPietro*, No. 02-CR-1237 (SWK), 2007 WL 2164262, at *2 (S.D.N.Y. July 25, 2007); *see* 28 U.S.C. § 753(b) ("The transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had.").  Accordingly, to the extent Mr. Ozsusamlar's April 18 letter renews the requests he has previously made, those requests are denied.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Ozsusamlar.

SO ORDERED.

Dated: April 26, 2022
New York, New York

_____
Hon. Ronnie Abrams
United States District Judge