USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MUSTAFA OZSUSAMLAR,

      Defendant.

No. 05-CR-1077-1 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

  The Court received letters from Defendant Mustafa Ozsusamlar on August 12, 2022, October 11, 2022, January 27, 2023, February 22, 2022, and August 29, 2023, respectively. *See* Dkts. 177, 179, 182, 183, 184. Interpreting these pro se filings to "raise the strongest arguments that they suggest," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996), Mr. Ozsusamlar makes two primary motions: (1) for a reconstruction hearing due to an allegedly inaccurate sentencing transcript; and (2) for reconsideration of the Court's Order of May 13, 2021, which denied his motion for compassionate release and sentence reduction. For the reasons that have been articulated by this Court previously, and for the reasons that follow, both motions are denied.

  First, Mr. Ozsusamlar seeks a reconstruction hearing. He asserts that, during his 2007 sentencing hearing, the stenographer "knowingly produced an altered and forge[d] transcript [of] the sentencing [proceedings]." Dkt. 177 at 1. Mr. Ozsusamlar requests a new hearing to ensure "a substantially accurate report and record of [the] sentencing proceedings." *Id.* at 2. This is the fifth time the Court has considered Mr. Ozsusamlar's arguments concerning the accuracy of his sentencing transcript. *See* Dkts. 164, 172, 174, 175. As before, the Court rejects Defendant's arguments. The Court previously found that Mr. Ozsusamlar gave "no legitimate reason for the Court to suspect that [his sentencing] transcript does not accurately represent what was stated at

sentencing." Dec. 9, 2021 Order, Dkt. 164. The Court later noted that even if Mr. Ozsusamlar were correct about the transcript's alleged inaccuracies, "the result would not change" because his legal arguments about Judge Leisure's oral pronouncement were unavailing. Apr. 4, 2022 Order, Dkt. 172 (citing *Cintron v. Warden, F.C.I. Otisville*, 52 F. Supp. 3d 654, 655 (S.D.N.Y. 2014)). Most recently, on April 26, 2022, the Court concluded that "[v]iewing the record as a whole," none of Mr. Ozsusamlar's arguments had "overcome the statutory presumption that a certified court transcript is correct." Apr. 26, 2022 Order, Dkt. 174 (quoting *United States v. DiPietro*, 2007 WL 2164262, at *2 (S.D.N.Y. July 25, 2007)). In addition, as the Court previously noted, Defendant's sentencing transcript and the certification attesting to the accuracy of that transcript are both available on the public docket. *See* Dkts. 170, 171.

Mr. Ozsusamlar nonetheless argues that a reconstruction hearing is needed because there is no audio or video recording of his 2007 sentencing hearing, and such a record "must be available any time, for any persons." Dkt. 182 at 4. Defendant misstates the law. Although he points to various statutes to support his claim—including 28 U.S. Code § 753—no applicable law requires audio or video recordings during criminal proceedings. *See* 28 U.S.C. § 753(b) ("Each session of the court … shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method …."). Next, Mr. Ozsusamlar submits an affidavit from his son, Ramazan Ozsusamlar, who asserts that he was in the courtroom during his father's sentencing and recalls that "[t]he judge said [Mr. Ozsusamlar's] sentencing time start[s] to run when [he was first indicted]." Dkt. 178. It appears that the affidavit attempts to corroborate Defendant's assertion that the sentencing transcript is inaccurate. As the Court previously explained, however, "[e]ven if Mr. Ozsusamlar were correct that Judge Leisure stated at the hearing that his sentence began to run on the date of his indictment, the result would not change." Dkt. 172. Stating a date at which

a sentence begins "is not part of the pronouncement of a sentence," so any misstatement by Judge Lesiure "would not have divested the BOP of its responsibility to determine the commencement of the sentence." *Id.*; *see Cintron v. Warden, F.C.I. Otisville*, 52 F. Supp. 3d 654, 655 (S.D.N.Y. 2014). Mr. Ozsusamlar's remaining arguments concerning the sentencing transcript merely restate his previous motions and are denied for the reasons previously stated.

Second, Mr. Ozsusamlar asks the Court to reconsider its Order, dated May 13, 2021, which denied his motion for compassionate release and reduction of sentence pursuant to the First Step Act. *See* Dkt. 148. On October 20, 2021, the Court considered and rejected Defendant's previous motion to reconsider the May 2021 Order. Dkt. 157. On November 5, 2021, Mr. Ozsusamlar appealed the October 2021 Order, *see* Dkt. 160, which the Second Circuit dismissed on November 14, 2022. Dkt. 180. Now, Mr. Ozsusamlar again seeks to reconsider the Court's 2021 Order.[1] As an initial matter, his motion is improper. Local Criminal Rule 49.1(d) provides that a reconsideration motion shall be filed within fourteen days of the Court's determination of the original motion, which has long since passed. Even if the motion were timely, however, a reconsideration motion may not "be used as a vehicle for relitigating issues already decided by the Court." *Simon v. United States,* Nos. 12-CV-5209, 07-CR-474 (ER), 2021 WL 242360, at *2 (S.D.N.Y. Jan. 25, 2021). All of Defendant's arguments have previously been considered—and rejected—by the Court.

---

[1] In Defendant's renewed motion, he makes several requests. First, he again moves for appointment of counsel. Dkts. 182 at 7, 183 at 4. But the Court previously appointed pro bono counsel for Mr. Ozsusamlar to support his motion for sentence reduction, Dkt. 144, and the Second Circuit rejected his subsequent motion for appointment of counsel. See Dkt. 180. Second, Mr. Ozsusamlar asserts that his Court-appointed pro bono counsel, who supplemented his medical records, had no experience and was ineffective. Dkt. 183 at 5. *See* Dkt. 147. In Defendant's previous motion for reconsideration, however, he made this same claim against the same lawyer, which the Court rejected. See Dkts. 155 at 7; 157 at 3. Finally, he attempts to make motions relating to "28 U.S.C. § Rule 61 Harmles[s] Error" and "Rule of 2111," Dkt. 179 at 1, but no such statute or rule applies here.

Accordingly, Mr. Ozsusamlar's motions are denied. The Clerk of Court is respectfully directed to terminate the motions pending at dockets 177, 179, 182, 183, and 184, and to mail a copy of this Order to Mr. Ozsusamlar.

SO ORDERED.

Dated: October 19, 2023
New York, New York

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Hon. Ronnie Abrams
　　　　　　　　　　　　　　　　　　　　　United States District Judge