UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

MUSTAFA OZSUSAMLAR,

              Defendant.

05-CR-1077-RA

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Before the Court is Defendant Mustafa Ozsusamlar's motion for a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines Manual, which took effect November 1, 2023. *See* ECF Nos. 189, 197. In light of Ozsusamlar's apparent eligibility for a reduction under the Amendment, the Court appointed him *pro bono* counsel. *See* ECF No. 190. The Government opposed the motion, *see* ECF No. 193, and Ozsusamlar's counsel filed a reply, *see* ECF No. 195. Ozsusamlar is currently serving a 423-month term of imprisonment, which is comprised of (1) a 188-month term of imprisonment in this case; and (2) a consecutive 235-month term of imprisonment imposed by Judge Kimba Wood in another case. The Bureau of Prisons currently projects that Ozsusamlar will be released from prison on April 4, 2031.

    By way of Amendment 821, the United States Sentencing Commission ("Sentencing Commission") amended the United States Sentencing Guidelines Manual, effective November 1, 2023. As relevant here, Part A of Amendment 821 amends Guidelines § 4A1.1 by reducing from two points to one point the upward adjustment for offenders who committed the instant offense while under any criminal sentence, and by limiting this adjustment to defendants who received seven or more criminal history points. The Sentencing Commission explained that the amendment "limit[s] the overall criminal history impact of 'status points' (i.e., the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release,

imprisonment, work release, or escape status)." U.S.S.G. § 1B1.10 Application Note 7. The Sentencing Commission made the amendment retroactive.

The Probation Department calculates that Amendment 821 reduces Ozsusamlar's criminal history category from IV to III. See ECF. No. 188. Having now conducted an independent calculation, the Court agrees and finds that Ozsusamlar's offense level is 32, his criminal history category is III, and his recommended Guidelines sentence is 151–188 months' imprisonment. Accordingly, under Amendment 821, Ozsusamlar is eligible for a sentence reduction. See U.S.S.G. § 4A1.1.[1]

"[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582. As the Supreme Court noted in *Dillon v. United States*, 560 U.S. 817 (2010), a court should consider "any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Id.* at 827. Relevant section 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(2)(A).

The Court previously considered the applicable section 3553(a) factors with respect to Ozsusamlar's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), which it denied on May 13, 2021. See ECF No. 148. That motion relied on essentially the same

---

[1] Ozsusamlar appears to argue that the sentencing court erred in calculating a criminal history category of IV, that his original criminal history category should have been III, and thus that Amendment 821 should reduce his criminal history category to II. See ECF Nos. 189 at 3–4; 197 at 3. The Court previously considered this contention in 2021, when it denied his motion to correct purported "clerical mistakes and error" from his 2007 sentencing. See ECF No. 164 at 1. As the Court noted in that decision, the Presentence Investigation Report ("PSR") assigned Ozsusamlar a criminal history category of IV, a calculation to which he did not object at sentencing, and which is supported by the information contained in the PSR. *Id.* at 3 n.1.

justifications as the present one—namely, Ozsusamlar's advanced age and chronic medical conditions. *See id.* at 2. The Court concludes now—for the same reasons it did then—that the section 3553(a) factors "weigh heavily against granting Ozsusamlar's application." *Id.* at 4. He has been convicted of multiple serious crimes that "justif[y] significant punishment," including murder for hire, which "is reflected in the length of the sentence imposed" by Judge Leisure. *Id.* A sentence reduction is therefore unwarranted, particularly considering that his 188-month sentence is within the amended Guidelines range. *See United States v. Maleh*, No. 19-CR-00463-7, 2024 WL 3488000, at *3 (S.D.N.Y. July 19, 2024); *United States v. Rolle*, No. 20-CR-594, 2024 WL 1704969, at *3 (S.D.N.Y. Apr. 19, 2024). Moreover, as discussed in the Court's prior ruling, before his conviction, Ozsusamlar engaged in a "pattern of criminal conduct" that did not "abate[] with age" ECF No. 148 at 4. He committed the instant offense at approximately 60 years of age and was convicted of multiple other serious crimes committed in his fifties. His present age therefore provides little assurance that he will not recidivate or pose a danger to the safety of the community upon release. Accordingly, his motion for a sentence reduction pursuant to Amendment 821 is denied.

Additionally, to the extent Ozsusamlar's motion dated February 12, 2025 (ECF No. 197) seek forms of relief other than a sentence reduction, it is denied for the reasons stated in the Court's prior orders. *See* ECF Nos. 185, 176, 174, 172, 164.

The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 189 and 197 and to mail a copy of this order to Mr. Ozsusamlar.

SO ORDERED.

Dated: New York, New York
       April 22, 2025

_____
Hon. Ronnie Abrams
United States District Judge

3